# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5627-16

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

S.G.,

     Defendant-Appellant.

_____

Submitted January 16, 2020 – Decided April 30, 2020
Remanded by Supreme Court December 8, 2020
Argued March 3, 2021 – Decided May 6, 2021

Before Judges Alvarez, Sumners and Geiger.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 15-03-0194.

Stephen P. Hunter, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Stephen P. Hunter, of counsel and on the briefs).

Mark Niedziela, Senior Assistant Prosecutor, argued the cause for respondent (Camelia M. Valdes, Passaic County Prosecutor, attorney; Christopher W. Hsieh,

Chief Assistant Prosecutor, of counsel and on the briefs; Mark Niedziela, of counsel and on the briefs).

PER CURIAM

Following a jury trial, defendant S.G.[1] was convicted of first-degree aggravated sexual assault of a victim (B.C.) under the age of thirteen, N.J.S.A. 2C:14-2(a)(1); second-degree sexual assault of a victim (B.C.) over the age of thirteen by an actor who was four or more years older than the victim, N.J.S.A. 2C:14-2(b); third-degree endangering, abuse, neglect, or sexual act by a non-caretaker (B.C.), N.J.S.A. 2C:24-4(a); fourth-degree sexual assault of a minor under the age of sixteen but over the age of thirteen by a defendant four or more years older than the minor (A.E.), N.J.S.A. 2C:14-2(c)(4); third-degree endangering, abuse, neglect, or sexual act by a non-caretaker (A.E.), N.J.S.A. 2C:24-4(a); fourth-degree criminal sexual contact, N.J.S.A. 2C:14-3(b), with a victim between the ages of thirteen and fifteen, when the actor was four or more years older than the victim (N.T.), N.J.S.A. 2C:14-2(c)(4); and third-degree endangering, abuse, or sexual act by a non-caregiver (N.T.), N.J.S.A. 2C:24-

---

[1] We use initials and pseudonyms to protect the privacy of the victim and preserve the confidentiality of these proceedings. N.J.S.A. 2A:82-46(a); R. 1:38-3(c)(9).

4(a).[2]  After merger, the judge imposed an aggregate sentence of thirty-three years, subject to twenty-five years of parole ineligibility.

On direct appeal, we rejected defendant's contention that under State v. J.L.G., 234 N.J. 265 (2018), the Child Sexual Abuse Accommodation Syndrome (CSAAS) expert testimony prejudiced his right to a fair trial.  State v. S.G., No. A-5627-16, (App. Div. Apr. 30, 2020) (slip op at 9-10).  We determined the expert testimony was admissible under the exception set forth in J.L.G. because it "shed light" on the victims' "general fear of disclosure, embarrassment, bribery by defendant, or confusion as to whether an act constitutes abuse [that] may be 'beyond the ken of the average juror.'"  Id. at 10.  We further concluded that even if the testimony was considered "to have been improperly admitted, any error was harmless[,] R. 2:10-2," as "[t]he State's proofs were overwhelming."  Ibid.[3]

On December 8, 2020, the Supreme Court issued an order granting certification and summarily remanded this matter for our reconsideration in light

---

[2]  The jury could not reach a verdict on the charge of second-degree sexual assault of a victim between the ages of thirteen and fifteen, when the actor was four or more years older than the victim (N.T.), N.J.S.A. 2C:14-2(c)(4).  The State dismissed the charge after the trial.

[3]  We also rejected defendant's contention that he was denied a fair trial when the trial judge instructed the jury regarding his decision not to testify without obtaining his consent.  S.G., slip op. at 11.  This issue is not before us.

of State v. G.E.P., 243 N.J. 362 (2020) (G.E.P. II). State v. S.G., 244 N.J. 452 (2020). Following the Court's directive, we have undertaken that reconsideration and affirm the defendant's convictions.

In our earlier opinion in this case, we considered State v. G.E.P., 458 N.J. Super. 436, 447-48 (App. Div. 2019) (G.E.P. I), where we held that pipeline retroactivity applied to the Supreme Court's decision in J.L.G., 234 N.J. at 272, which for the most part, barred the admission of expert testimony about CSAAS except to explain a child victim's delayed disclosure that was beyond the ken of the average juror. See S.G., slip op. at 9 (quoting J.L.G., 234 N.J. at 305) (citing G.E.P. I, 458 N.J. Super. at 447). We then held that the admission of CSAAS testimony at defendant's trial was permissible because it fell "within the exception enunciated in J.L.G." Id. at 10. We did so in the same manner in J.LG. where the Court found the non-CSAAS evidence establishing defendant's guilt to be overwhelming, but unlike the four consolidated appeals that were under review in G.E.P. I. See G.E.P. I, 458 N.J. Super. at 448-49, 464-65.

In G.E.P. I, we concluded that the admission of the CSAAS evidence in the four consolidated cases was not harmless. 458 N.J. Super. at 464-65. We found in each case,

> the State relied almost entirely on the credibility of the victim. All victims gave "straightforward reasons" for

their delay in reporting.  See J.L.G., 234 N.J. at 272. Admission of the CSAAS expert testimony, which severely impaired the defense's ability to test the victim's credibility, was "clearly capable of producing an unjust result."

[Ibid. (quoting R. 2:10-2).]

In G.E.P. II, the Court affirmed that its holding in J.LG. should be given pipeline retroactivity.  243 N.J. at 370.  The Court then carefully analyzed the four cases affirming our reversal of the convictions of the defendants, R.P., C.P., and C.K. because

[a]side from the CSAAS evidence presented, these cases were based largely upon the testimony . . . [of the] alleged victims[, and] CSAAS testimony bolstering the alleged victims' testimony was "sufficient to raise a reasonable doubt as to whether the error led the jury to a result it otherwise might not have reached. . . ."

[Id. at 391-92 (quoting State v. Jordan, 147 N.J. 409, 422 (1997)).]

As to R.P., other than the CSAAS testimony, the State's case relied upon the victim's "testimony; the videos of [her] interviews with investigators describing the abuse; and [her] mother's testimony, which was based on what [the victim] told her."  Id. at 392.  In C.P.'s case, the evidence consisted only of the victim's "testimony . . . and witnesses that repeated [her] allegations."  Ibid.  As to C.K., "[n]one of the evidence directly corroborated [the victim's] allegations." Ibid.

As to the fourth defendant, G.E.P., the Court reversed our decision in G.E.P. I vacating his conviction, because it concluded that there was sufficient evidence other than the CSAAS evidence and the victim's testimony to support the defendant's conviction and that "the admission of CSAAS testimony did not deny G.E.P. 'a fair decision on the merits.'" Id. at 390 (quoting State v. Mohammed, 226 N.J. 71, 87 (2016)). That other evidence consisted of "a recorded phone call between [the victim] and G.E.P., and [items similar to what he used in his assault, such as] the straps, clothespins, and other items seized from G.E.P.'s office." Ibid.

Prior to reconsidering our earlier opinion, the parties submitted supplemental briefs regarding the applicability of G.E.P. II to this case. Defendant argues G.E.P. II contradicts two central holdings of this court's prior opinion affirming his convictions. He contends the State's CSAAS expert testimony and the trial court's instructions on CSAAS did not satisfy the delayed disclosure exception promulgated in J.L.G. He contends the jury's credibility determination about the alleged victims was tainted by the improper "CSAAS testimony bolstering the alleged victims' testimony." G.E.P. II, 243 N.J. at 392. The testimony constituted error "sufficient to raise a reasonable doubt as to whether the error led the jury to a result it otherwise might not have reached. . .

A-5627-16

." Ibid. (quoting Jordan, 147 N.J. at 422). Defendant maintains the CSAAS testimony prevented the jury from determining whether the victims' belief that he committed sexual assault was credible or the product of suggestion, since defendant also performed massages on adult members of the victims' family, both male and female.

In opposition, the State contends there is no reason for us to disturb our original decision upholding defendant's conviction. It asserts that the admission of the CSAAS testimony was harmless error as there was not a "'possibility that it led to an unjust verdict'[ – ] that is, a possibility 'sufficient to raise a reasonable doubt' that 'the error led the jury to a result it otherwise might not have reached,'" and it comported with the narrow exception allowed under J.L.G., 234 N.J. at 306. Because G.E.P. II did not change or modify the decision in J.L.G. affirming the defendant's convictions, the State argues this court properly applied the holding of J.L.G., finding that the delayed disclosure aspect of "the CSAAS testimony was admissible because it was beyond the ken of the average juror." The victims here were unable to offer a rational explanation for the delay in disclosing the abuse.

Guided by the Court's ruling in G.E.P. II, we agree with the State's position that there is no reason to alter our earlier affirmance of defendant's

A-5627-16

convictions. The trial judge did not abuse his discretion in admitting the CSAAS testimony because, as we previously ruled, it satisfied the exception enunciated in J.L.G. S.G., slip op. at 10. Furthermore, as we earlier concluded, defendant's convictions did not turn only on the CSAAS testimony because "[t]he State's proofs were overwhelming." Ibid. We described how all three victims gave graphic testimony detailing defendant's massages of their breasts and vaginal areas occurring periodically for months. Id. at 3-5. In addition, N.T. testified that defendant removed her clothing, and B.C. testified defendant's sexual conduct included digitally penetrating her body. Id. at 3, 5. Considering the totality of the evidence, outside of the CSAAS testimony, the evidence adduced at trial was more than enough to sustain defendant's convictions. The admission of the CSAAS expert testimony did not deprive him of a fair trial.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5627-16